IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 SEP 30 PM 1:57

CLERK-ALBUQUERQUE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIV |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| UNIVERSITY OF PHOENIX, INC., ) | |
| ) | **JURY TRIAL DEMAND** |
| Defendant. ) ) | CIV – 0 5 – 1 0 4 8 MCA /WPL |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation, and to provide appropriate relief to Loretta Grado and Lorena Pinon who were adversely affected by such practices during their employment with Defendant University of Phoenix, Inc. The Commission alleges that Loretta Grado and Lorena Pinon were subjected to harassment because of their sex, including sexually offensive comments and conduct of high-ranking management officials, which created a hostile work environment for them because of their sex, female. In addition, the Commission alleges that Defendant failed to promote Ms. Grado in retaliation for her opposition to perceived unlawful employment practices. Finally, the Commission alleges that Ms. Pinon was subjected to retaliation with respect to her terms, conditions and privileges of employment because she opposed perceived unlawful employment practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant University of Phoenix, Inc., (the "Employer") has continuously been an Arizona corporation doing business in the State of New Mexico and the City of Santa Teresa, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Loretta Grado and Lorena Pinon filed charges with the Commission alleging violations of Title VII by the University of

Phoenix. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2002, Defendant Employer has engaged in unlawful employment practices at its Santa Teresa, New Mexico facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) because of sex. These practices include the harassment of Loretta Grado and Lorena Pinon which created a hostile work environment because of their sex, female.

8. Since at least October 2003, Roswell Radio has engaged in unlawful retaliatory employment practices at its Roswell, New Mexico facility in violation of Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a). These retaliatory practices include:

> a) the failure to promote Loretta Grado to a Financial Aid Counselor position after she expressed opposition to and made complaints about unlawful employment practices; and
>
> b) the retaliatory terms, conditions and privileges that Lorena Pinon was subjected to, including but not limited to, negative job evaluation, changes in job duties, changes in work space, and denial of training all of which occurred because Ms. Pinon expressed opposition to and made complaints about unlawful employment practices.

9. The effect of the practices complained of in paragraph 7 above has been to deprive Loretta Grado and Lorena Pinon of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

10. The effect of the practices complained of in paragraph 8 above has been to deprive Loretta Grado and Lorena Pinon of equal employment opportunities and otherwise adversely affect

3

their status as employees because of their opposition to unlawful employment practices.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

12. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice and/or with reckless indifference to the federally protected rights of Loretta Grado and Lorena Pinon.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates or retaliates against any individual because of the individual's opposition to perceived unlawful employment practices and/or because the individual filed a charge, testified, assisted, or participated in an investigation or proceeding under Title VII.

C. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women and for those who oppose perceived unlawful employment practices and/or file charges, testify, assist or participate in an investigation or proceeding under Title VII, and which eradicate the effects of its past and present unlawful

employment practices.

D.  Order Defendant Employer to make whole Loretta Grado by providing appropriate back pay with prejudgment interest associated with her lost promotion opportunity, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.  Order Defendant Employer to make whole Loretta Grado and Lorena Pinon by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

F.  Order Defendant Employer to make whole Loretta Grado and Lorena Pinon by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

G.  Order Defendant Employer to pay Loretta Grado and Lorena Pinon punitive damages for its malicious and/or reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 30th day of September 2005.

                        Respectfully submitted,

                        JAMES L. LEE
                        Deputy General Counsel

                        GWENDOLYN YOUNG REAMS
                        Associate General Counsel

                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION
                        1801 L Street, NW
                        Washington, D.C. 20507

                        *Veronica A. Molina for*
                        MARY JO O'NEILL
                        Regional Attorney

                        *Veronica A. Molina for*
                        C. EMANUEL SMITH
                        Supervisory Trial Attorney

                        EQUAL EMPLOYMENT OPPORTUNITY
                          COMMISSION
                        Phoenix District Office
                        3300 North Central Avenue
                        Suite 690
                        Phoenix, Arizona 85012

                        *Veronica A. Molina for*
                        LORETTA MEDINA
                        Senior Trial Attorney

                        VERONICA A. MOLINA
                        Trial Attorney
                        EQUAL EMPLOYMENT OPPORTUNITY
                          COMMISSION
                        Albuquerque Area Office
                        505 Marquette NW, Suite 900
                        Albuquerque, New Mexico 87102
                        (505) 248-5230

                        Attorneys for Plaintiff