IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES EQUAL
OPPORTUNITY EMPLOYMENT
COMMISSION,

        Plaintiff,

and

LORENA PINON,

        Intervenor,

vs.                                                                                                                                  No. CIV 05-1048 JB/WPL

UNIVERSITY OF PHOENIX, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Intervene, filed February 22, 2006 (Doc. 19). The Court held a hearing on this motion on March 28, 2006. The primary issue is whether the Court should grant this unopposed motion, but disregard the factual portions of the motion in doing so. Because the Court does not believe that Plaintiff in Intervention Loretta Grado proceeded improperly or inappropriately, the Court will consider the factual allegations in her motion, grant the motion to intervene, and grant her request for leave to file the Complaint attached to her motion.

## FACTUAL BACKGROUND

As alleged in her proposed Complaint, Grado began work as a Program Specialist at the University of Phoenix ("University"), Santa Teresa Campus in June 2003. See Proposed Complaint

of Intervenor Loretta Grado ("Proposed Complaint") ¶ 2, at 2. Grado asserts that the Campus Director, Manny Ortiz -- the highest-ranking official on the campus -- immediately began an unrelenting campaign of sexual harassment of Grado. See id. On numerous occasions, Ortiz propositioned Grado, suggesting that they meet in secluded areas and "party." Id.

Grado contends that Ortiz tried to grope her, regularly ran his hands through her hair, and constantly made lewd sexual comments to her. See id. On one occasion, Ortiz pinned Grado against a wall and forcibly kissed her. See id. Ortiz' harassment was allegedly constant and continued for months. See id.

Grado asserts that Ortiz' harassment was constantly accompanied with suggestions that he would ensure that Grado would get promoted and "move up" in the company if she submitted to his sexual advances. Id. ¶ 3, at 2. Grado consistently rejected Ortiz' unwelcome harassment and regularly made complaints to her supervisor and other University officials. See id. Grado asserts that, because she resisted Ortiz' advances and reported his conduct, he prevented her from being promoted to a Financial Aid Counselor position for which she applied and was qualified. See id. Ortiz instead approved the promotion of a less-qualified applicant. See id.

When Grado reported Ortiz' conduct to her supervisors, they told her not to worry, and indicated that they had learned to accept the fact that Ortiz regularly harassed female employees. See id. ¶ 4, at 2. Grado asserts that, despite Grado's frequent complaints about Ortiz' conduct, the University took no actions against him or made any efforts to stop his harassment. See id. Finally, after Grado filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), the University terminated Ortiz -- approximately six months after Grado began reporting his sexual harassment. See id.

In February 2004, Grado filed a Charge of Discrimination with the EEOC. See id. ¶ 32, at 10. After completing its investigation, the EEOC, on March 29, 2005, found reasonable cause to conclude that the University had discriminated against Grado on the basis of sex and retaliated against her in violation of Title VII. See generally EEOC Determination Letter (dated March 29, 2005). Grado contends that the EEOC found probable cause to conclude that the University had discriminated against other female employees on the basis of sex. See Proposed Complaint ¶ 5, at 3. Grado asserts that on September 30, 2005, proceeding on these probable cause determinations, the EEOC filed this action. See id. ¶ 34, at 10.

## PROCEDURAL BACKGROUND

Grado represents that only rule 26 initial disclosures have been served and that discovery is not scheduled to conclude until June 2006. See Motion to Intervene ("Grado's Motion to Intervene") at 5. Grado further represents that her attorney and counsel for the existing parties are already working together in the scheduling of upcoming discovery. See id. Additionally, another complaining party moved to intervene on January 31, 2006. See Lorena Pinon's Motion to Intervene, filed January 31, 2006 (Doc. 14).

By her motion, Grado seeks to intervene. See Grado's Motion to Intervene at 1. Specifically, Grado moves, pursuant to rule 24(a) of the Federal Rules of Civil Procedure and 42 U.S.C. § 2000e-5(f)(1), to intervene and requests that the Court grant her leave to file the Complaint attached to her motion. See id. Grado represents that the University has indicated that it does not oppose Grado's intervention, but opposes the motion on the grounds that the motion, as drafted, is insufficiently neutral in its presentation. See id.

**LAW REGARDING INTERVENTION**

Rule 24(a)(1) of the Federal Rules of Civil Procedure provides for mandatory intervention "when a statute of the United States confers an unconditional right to intervene." Title VII allows an individual who brings an EEOC Charge of Discrimination to intervene as a matter of right when the Charge of Discrimination becomes the basis for a civil suit brought by the EEOC. See 42 U.S.C. § 2000e-5(f)(1)("The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . ."); E.E.O.C. v. W.H. Braum, Inc., 347 F.3d 1192, 1201 (10th Cir. 2003)("Where the EEOC brings suit, the individual is then barred from separately filing a cause of action, and their only recourse is to intervene in the EEOC's suit.")(citing EEOC v. Waffle House, Inc., 534 U.S. 279, 291 (2001)); E.E.O.C. v. Duval Corp., 528 F.2d 945, 949 (10th Cir. 1976)("To protect the interests of both the EEOC and the aggrieved party in a particular complaint, Congress established the right of either party to apply for intervention in a suit filed by the other party.").

Rule 24(a)(2) provides for intervention of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. Proc. 24(a)(2). See Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1253 (10th Cir. 2001). The burden to show that the existing parties will not adequately represent an intervenor's legal interests is minimal. See Utah Ass'n of Counties v. Clinton, 255 F.3d at 1253 ("'Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the "minimal" one of showing that representation "may" be inadequate.'")(quoting Sanguine, Ltd. v. United States Dep't of Interior, 736 F.2d 1416, 1419 (10th Cir. 1984)).

**ANALYSIS**

While the parties have taken the long approach to having the Court grant this motion, the Court cannot say that either party acted improperly. While Grado probably could have had her motion granted long ago without all the factual materials she placed in her motion, she has a right to include her allegations in her motion. On the other hand, once Grado insists on a lengthy unopposed motion, the University has a right to point out that it does not agree with certain statements.

**I.      GRADO'S COUNSEL IS IN GOOD STANDING BEFORE THE COURT.**

The University makes an accusation against Grado and her counsel. Without any evidence, citation, or any other asserted basis for the accusation, the University notes that it does not appear that Grado's attorneys are admitted to practice before the Court, and that Grado's attorneys have not, as the local rules require, engaged local counsel. The University's charge is incorrect. As demonstrated by the certificate of good standing that Grado attaches to her response, Reed Neill Colfax, counsel for Grado, is duly admitted to practice before the Court. See Certificate of Good Standing (dated March 14, 2006).

**II.     GRADO MAY INTERVENE IN THIS ACTION AS A MATTER OF RIGHT PURSUANT TO RULE 24(a)(1) AND (a)(2).**

Grado's Charge of Discrimination is a basis for this action that the EEOC has filed. Grado has a statutory right to intervene, and the Court should otherwise permit her to intervene to pursue her claims against the University, which allegedly allowed its employees to discriminate against Grado on the basis of sex in violation of federal and state laws, and then allegedly tolerated that discrimination. The University recognizes Grado's statutory right to intervene and, on that ground, does not oppose Grado's intervention. See Response to Motion to Intervene by Loretta Grado at 1, filed March 8, 2006 (Doc. 23).

The University thus does not dispute that the Court should permit Grado to intervene and recognizes that the Court should grant her motion. See id. The University does oppose, however, Grado's "use of a simple procedural motion as an improper forum to argue her position with respect to unproven -- and believed by Defendant to be clearly false -- assertions of fact in an obvious attempt to influence the Court." Id. The University represents that it was for this reason that it was unable to provide its approval for the motion as drafted and requests that the Court disregard the Intervenor's allegedly unfounded and unnecessary factual assertions in ruling upon her motion. See id.

The implication of the University's argument is that Grado and her counsel proceeded improperly by including a factual background section in the motion that summarized the allegations of her complaint. The University has not pointed to any law or precedent suggesting that describing the allegations in the proposed Complaint in Intervention is improper in a motion to intervene. Grado has done no more than set forth the facts related to the University and its employee's alleged discrimination against her and the claims she seeks to pursue by her proposed Complaint in Intervention. The facts mirrored the allegations in her Complaint and were accompanied by citations to the Complaint, which she attached to the motion. The factual motion sets a context for Grado's motion to intervene and the basis for her complaint of discrimination against the University.

On the other hand, the Court cannot say that the University inappropriately opposed the motion because it disagreed with how Grado presented her allegations. This opposition has led to additional briefing and a several-week delay in permitting Grado to enter and to participate fully in the case, but once Grado insisted on putting so many facts into an unopposed motion, the University had a right to state with what it disagreed. While some of the briefing could have been rendered

unnecessary by a statement that "the motion was unopposed, but that the University disagreed with Grado's factual assertions," or by approval of the form of order as to form only, the Court cannot say that either party acted improperly or inappropriately.

In the end, the University does not oppose Grado's intervention. Grado is entitled to and may, pursuant to rule 24(a)(1), intervene in this action as a matter of right under Title VII. Intervention is thus proper.

Grado may also properly intervene under rule 24(a)(2). Here, the EEOC's conflict is exacerbated by the fact that the EEOC is also representing the public interest in relation to the University's harassment of another individual. To ensure that her own interests are vindicated and that she can participate in a civil case brought as a result of the alleged sexual harassment and retaliation she endured, the Court should permit Grado to intervene. Accordingly, the Court will grant Grado leave to intervene pursuant to rule 24(a)(1) and (2).

### III.     GRADO'S INTERVENTION DOES NOT PREJUDICE THE UNIVERSITY.

Grado's intervention will not prejudice any party and is timely. This case is in the very early stages of discovery. Because Grado seeks to intervene at this early stage, her intervention will not prejudice the University.

**IT IS ORDERED** that Loretta Grado's Motion to Intervene is granted. Grado is granted leave to file the Complaint attached to her motion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James L. Lee
Gwendolyn Young Reams
EEOC, Legal Counsel Office
Washington, D.C.

Loretta F. Medina
  Senior Trial Attorney
Veronica A. Molina
  Trial Attorney
Equal Employment Opportunity Commission
Albuquerque, New Mexico

-- and --

Mary Jo O'Neill
C. Emanuel Smith
EEOC, Phoenix District Office
Phoenix, Arizona

> *Attorneys for Plaintiff Equal Employment Opportunity Commission*

Joleen K. Youngers
Almanzar & Youngers, P.A.
Las Cruces, New Mexico

> *Attorneys for Plaintiff in Intervention Lorena Pinon*

Reed N. Colfax
Myrna Perez
Relman & Associates, P.L.L.C.
Washington, D.C.

> *Attorneys for Plaintiff in Intervention Loretta Grado*

Stanley K. Kotovsky, Jr.
The Tinnin Law Firm, P.C.
Albuquerque, New Mexico

-- and --

William R. Hayden
James K. Mackie
Matthew D. Mitchell
Snell & Wilmer L.L.P.
Phoenix, Arizona

  *Attorneys for the Defendant*