IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

and

LORETTA GRADO,

        Intervenor/Third-Party Plaintiff

vs.                                        CIVIL NO.  05-1048 JB/WPL

UNIVERSITY OF PHOENIX, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff/Intervenor Loretta Grado's ("Grado") Motion to Compel [Doc. 62]. Plaintiff United States Equal Employment Opportunity Commission ("EEOC") joins in this motion. [Doc. 62, n. 1]. The Court considered the motion, response and reply and determines oral argument is not necessary. This motion may be resolved based on the parties' submissions.[1]

### Nature of Motion

Grado and EEOC seek to take the out-of-time depositions of Dr. Darren Adamson and Debra Baldwin, two University of Phoenix vice presidents who allegedly have information relevant to the parties' claims and defenses. The additional depositions sought by Grado and EEOC exceed the

---

[1] This motion is being handled by the undersigned Chief Magistrate Judge at the specific request of the trial judge, the Honorable James O. Browning. Judge Browning normally handles all discovery disputes in his cases. However, he is presiding over a high-profile criminal case expected to last multiple weeks, and, as a result, requested that the undersigned Chief Magistrate Judge resolve this motion so as to avoid delay.

numeric limitation on depositions imposed by Fed. R. Civ. P. 30(a) as well as the limitations imposed by the Court's case management plan [Docs. 8 and 10].

### Timeliness of Motion

Defendant University of Phoenix, Inc. ("University") argues that the motion to compel is untimely, as it was filed more than twenty days from the date University objected to the proposed depositions and advised that it would not produce the two deponents.

Grado and EEOC argue that University's timeliness contention is a "novel proposition" and is "at odds with normal discovery procedure." [Doc. 76, Reply, p. 5]. They contend that University's argument lacks legal support. Id. Grado and EEOC assert that their motion is timely and state, "The Federal Rule of Civil Procedure 37 does not provide a deadline for the filing of a motion to compel. Fed. R. Civ. P. 37. Nor has this district adopted a rule regarding the timing of motions to compel." Id.

Grado and EEOC's argument is erroneous. This district does indeed have a rule imposing a deadline for filing motions to compel – D.N.M.LR-Civ. 26.6. The district's local rule provides that a party, when served with objections to particular types of discovery requests, must file a motion to compel within 20 calendar days. Failure to proceed with that time period constitutes acceptance of the objection.

Local Rule 26.6 does not specifically include depositions within the specific categories of discovery to which the 20-day rule is applicable. Because of this, the Court does not base its ruling solely on the issue of untimeliness. However, the Court rejects Grado and EEOC's contentions that University's position is "novel," "unsupported by law," or "at odds with discovery procedures." The time limitations of D.N.M.LR-Civ. 26.6 will apply fully to any motion to compel with respect to the categories of discovery listed therein.

**Limitation on Number of Depositions**

Grado and EEOC seek to take additional depositions in excess of the number authorized by the Federal Rules of Civil Procedure and by the trial judge.  They argue that the evidence sought to be obtained is relevant to the claims and defenses; that the ten-deposition limit should be construed as a "per party" as opposed to a "per side" limitation; that the Court imposed the deposition limitation prior to Grado becoming an intervenor, and, therefore, the Provisional Discovery Plan and Court management plan is not applicable to Grado.

Grado and EEOC argue that it is improper for University to object based on the ten-deposition limit, and, indeed, "Defendant's re-invocation of the ten-deposition limit is simply an attempt to sandbag Plaintiffs."  [Doc. 76, Reply, p.3].  They state that a ten-deposition limit "interferes with the orderly completion of discovery."  Id.  They argue that "Defendant should not be permitted to create its own arbitrary deposition limit . . . ."  [Doc. 76, Reply, p. 4].  Finally, they countered that University has not demonstrated that it would be significantly burdened by the depositions.

For the reasons hereafter stated, the Court rejects these arguments.

In 1990, Congress enacted the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq* ("CJRA"). This legislation was aimed at curbing the dual problems of expense and delay in federal civil proceedings. On the heels of adoption of the CJRA, the federal procedural rules were significantly modified to dovetail with the goals of the CJRA.  Prior to adoption of the CJRA and the subsequent modification of the civil rules, discovery in federal court was exceedingly broad and virtually unlimited.  Counsel were free to manage their own cases and discovery.

Unfortunately, some litigators learned that discovery could be used as a club to pound an opponent into submission, or to make the cost of defense so expensive by excessive discovery that

an opponent would succumb to an early settlement. Discovery was limited only by counsel's imagination and the size of their client's pocketbook. The discovery abuses prevalent in the 70s and 80s ultimately resulted in the sweeping changes brought about by the CJRA in 1990.

With the 1993 modifications of the civil rules, the discovery process is highly regulated and supervised by the federal courts. Parties are required to provide basic information automatically under the initial disclosure requirements of Rule 26. Limitations are imposed on the number of depositions that may be taken. Fed. R. Civ. P. 30(a)(2)(A). Limitations are imposed on the length of depositions. Fed. R. Civ. P. 30(d)(2). Parties are limited on the number of interrogatories that may be served. Fed. R. Civ. P. 33(a). Re-depositions may not be taken without leave of court. Fed. R. Civ. P. 30(a)(2)(B).

All of these changes were intended to expedite the ultimate disposition of cases, reduce costs and ensure that discovery was used for a proper purpose. Thus, it is incorrect to argue that a ten-deposition limit is arbitrary. To the contrary, the ten-deposition limit is imposed by the federal rules on all civil cases as a presumptive limit. While the Court may increase that limit, it may do so only on a showing of good cause.

In this case, the Court's Initial Scheduling Order [Doc. 7, p. 1], apprised parties that a provisional discovery plan was necessary, and that once the provisional discovery plan and schedules had been adopted, "good cause must be shown and court approval obtained for any modification of the IPTR's schedules."

It is undisputed that EEOC and University submitted a Provisional Discovery Plan which called for ten depositions per side. The trial court adopted this Provisional Discovery Plan, and in doing so, imposed the deposition limit. The Court's prior order makes clear that the parties could not modify this order on their own, but only for good cause shown and with Court approval.

4

Notwithstanding that explicit directive, Grado and EEOC noticed depositions far in excess of the ten-deposition limit without seeking or obtaining Court approval. It is undisputed that Grado and EEOC have taken seventeen depositions. The trial court did not approve the taking of depositions in excess of the ten permitted. It was improper for Grado and EEOC to request the depositions in excess of the numeric limitation without seeking leave of court. So, too, it was improper for University to agree to those depositions without obtaining Court concurrence. In the future, all counsel are cautioned that the Court's scheduling order and discovery plan may not be modified by agreement of counsel without Court concurrence.

While the Court does not dispute that the evidence to be elicited in the proposed discovery would be relevant, the parties have not demonstrated why these allegedly important depositions were not taken early on in the course of discovery or within the original ten-deposition limit, or even within the additional seven depositions which the parties agreed to take. Allowing Grado and EEOC to take the additional depositions at this time would simply serve to reward parties who violated the Court's case management plan, discovery plan and the rules of procedure.

Grado and EEOC argue that the ten-deposition limit is a per party allocation. This is incorrect. Depositions are a "per side" allocation. "The plaintiffs *as a group* are limited to 10 depositions total, by written and/or oral examination, as are the defendants and third-party defendants." Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rules Handbook 2006 657 (2006) (emphasis added). Thus, depositions, unlike interrogatories, are allocated "per side rather than per party."

It was necessary for Grado and EEOC to share the total number of authorized depositions. Had the parties believed that ten depositions were insufficient, they could have filed a motion to

increase the allocation.[2]

Grado argues that it was not a party when the Court adopted the Provisional Discovery Plan. However, when an intervenor is authorized to participate in litigation, it accepts the case as it finds it. United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424 (10th Cir. 1990). While the intervenor is free to request modification of schedules and orders, unless the court modifies its orders, the intervenor is bound by the court's prior rulings. In this case Grado neither sought nor obtained Court permission to modify the scheduling order, to allow additional depositions, or to make any modification in the case management plan. Grado's argument that she is simply not bound by the scheduling order which preexisted its entry into the case is rejected.

Finally, the Court rejects Grado and EEOC's argument that University failed to carry its burden in demonstrating why the depositions should not be taken. It is not University's burden to overcome the deposition limitations contained in the rules or the deposition limitation ordered by the trial judge. Rather, it is Grado and EEOC's burden if they seek to modify the Court's rulings. Neither Grado nor EEOC has properly shouldered that burden.

Accordingly, the Court rejects the request to take more than the allocated depositions.

## Out-of-Time Discovery

The last but related issue concerns the discovery schedule. Discovery in this case closed on June 12, 2006. Prior to the close of discovery, Grado did not seek to modify the Court's case management plan or to extend discovery. Thus, all discovery is closed. Neither Grado nor EEOC has demonstrated why this discovery could not be completed within the original discovery schedule. If the proposed deponents had relevant information, that fact was known to Grado and EEOC from

---

[2] A written request to the trial court to clarify this very issue was submitted, but later withdrawn.

the outset. There is simply no reason why their depositions were not or could not have been taken within the original case management plan.

## Conclusion

The Court determines that the parties have already and improperly exceeded the ten-deposition limit imposed by the Court and the rules of procedure, and that further depositions would be improper; that discovery is closed and that Grado and EEOC failed to show good cause why the proposed discovery could not have been taken within the original discovery schedule.

IT IS THEREFORE ORDERED that Grado and EEOC's motion to compel is DENIED.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge