# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

and

LORENA PINON and
LORETTA GRADO,

       Intervenors,

vs.                                          No. CIV-05-1048 JB/WPL

UNIVERSITY OF PHOENIX, INC.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff EEOC's Motion to Compel, filed April 3, 2006 (Doc. 33).  The Court held a hearing on the motion on May 10, 2006.  The primary issue is whether the Court should order the production of social security numbers and addresses of potential witnesses to the alleged sexual harassment, hostile work environment, and retaliation so that Plaintiff Equal Employment Opportunity Commission ("EEOC") can locate the witnesses.  Because the Court concludes that the information sought is relevant, and because the Court believes that any privacy or confidentiality concerns can be addressed with a confidentiality agreement, the Court will grant the EEOC's motion in part and deny it in part.

## PROCEDURAL BACKGROUND

The EEOC seeks identifying information about employees at the Santa Teresa Campus from January 2002 to the present.  These employees are potential witnesses to the alleged disparate treatment or hostility of a former manager of the University of Phoenix, Inc.'s Santa Teresa branch. The EEOC seeks this information to locate these potential witnesses.

      1.    **Complaint.**

The EEOC brings this action, and seeks relief, on behalf of two allegedly aggrieved individuals, Lorena Pinon and Loretta Grado, former University of Phoenix, Inc. ("University") employees.  See First Amended Complaint at 1 (Doc. 3).  Those individuals now bring this action in their own name, too, as they have intervened in the action.  See Lorena Pinon's Complaint for Damages for Sexual Harassment, Retaliation, Constructive Discharge, Breach of Contract and Negligent Supervision and Retention, filed February 13, 2006 (Doc. 18); Proposed Complaint of Intervenor Loretta Grado, filed February 22, 2006 as Exhibit 1 to Motion to Intervene (Doc. 19); Memorandum Opinion and Order, filed May 10, 2006 (Doc. 49)(granting Loretta Grado's Motion to Intervene and allowing Loretta Grado to file the Complaint attached to her Motion to Intervene). The EEOC brings this action against the University under Title VII of the Civil Rights Act of 1964 and under Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex and retaliation.  See First Amended Complaint at 1.

Specifically, the EEOC alleges that Grado and Pinon were subjected to harassment because of their sex, including "sexually offensive comments and conduct of high-ranking management officials, which created a hostile work environment [for the women]."  Id.  The EEOC also contends that Grado was not promoted in retaliation for her opposition to perceived unlawful employment

practices. See id. ¶¶ 7-8, at 3. Finally, the EEOC contends that Pinon was also subjected to retaliation with respect to her terms, conditions, and privileges of employment because she opposed perceived unlawful employment practices. See id.

### 2.   Discovery Dispute and Effort to Confer.

Discovery has been underway and the University of Phoenix, Inc. represents that several witnesses have been deposed, including Pinon, Grado and the two alleged harassers. See Defendant's Response to Plaintiff EEOC's Motion to Compel ("Response"), filed April 20, 2006 (Doc. 43). The EEOC represents that Brian Russo, a former manager at the University, testified at his deposition that there were several former or current employees of the Santa Teresa campus whom Campus Director Manny Oritz may have subjected to disparate treatment or hostility. See Plaintiff EEOC's Reply in Support of Motion to Compel ("Reply") at 4; Oral Deposition of Brian Russo ("Russo Depo.") (taken March 7, 2006). The EEOC represents that the employees that Russo identified will have the specific details of their respective incidents with Ortiz and with the Human Resources department, and of the environment at Santa Teresa. See Reply at 4.

On January 18, 2006, the EEOC provided the University with written discovery requests, including the EEOC's First Request for Production of Documents to Defendant. See Certificate of Service of Plaintiff EEOC's First Request for Production of Documents and First Set of Interrogatories to Defendant, filed January 19, 2006 (Doc. 12); Plaintiff EEOC's First Request for Production of Documents to Defendant (sent January 18, 2006). Among its requests for production, the EEOC sought in Request for Production No. 12 the following information: "Documents or a list that contain the name, social security number, date of birth, address, date of hire, date of termination and job title of each employee employed by you at the Santa Teresa campus from January 2002 to

-3-

present." Plaintiff EEOC's First Request for Production of Documents to Defendant at 8. The EEOC represents that it sought this information to identify and locate potential witnesses. <u>See</u> Memorandum in Support of Plaintiff EEOC's Motion to Compel ("Memorandum in Support") at 2, filed April 3, 2006 (Doc. 34).

On February 21, 2006, the University served the EEOC with the Defendant University of Phoenix's Response to Plaintiff EEOC's First Request for Production of Documents to Defendant. <u>See</u> Defendant University of Phoenix's Response to Plaintiff EEOC's First Request for Production of Documents to Defendant (served February 21, 2006); Certificate of Service of Defendant's Discovery Responses, filed February 22, 2006 (Doc. 20). In responding to the EEOC's Request for Production No. 12, the University objected to the request, contending that it was: (i) overly broad; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (iii) seeks confidential and private information of non-parties to this litigation. <u>See</u> Defendant University of Phoenix's Response to Plaintiff EEOC's First Request for Production of Documents to Defendant at 7. The University represents that it has provided all requested information with the exception of the social security numbers, dates of birth, and addresses of the employees about whom information is requested. <u>See</u> Response at 2.

The EEOC's counsel and the University's counsel have exchanged correspondence and have had telephone discussions in an effort to resolve this discovery dispute. <u>See</u> Memorandum in Support at 3. The EEOC represents that its counsel has in good faith conferred with the University's counsel regarding the University's refusal to disclose the requested information; however, the parties could not resolve this discovery dispute. <u>See</u> Plaintiff EEOC's Motion to Compel ¶ 3, at 2. The EEOC asserts that the University has refused to respond completely to this Request for Production. <u>See</u>

-4-

Memorandum in Support at 3.

Pursuant to D.N.M.LR-Civ. 7.2, the EEOC's counsel conferred with the University's counsel, and the University opposes this motion.  See Plaintiff EEOC's Motion to Compel ¶ 4, at 1. The Court's involvement is therefore necessary to resolve this discovery dispute regarding the EEOC's Request for Production No. 12.

The EEOC filed its motion to compel on April 3, 2006.  See Doc. 33.  The EEOC moves the Court, pursuant to rules 26, 34, and 37 of the Federal Rules of Civil Procedure and D.N.M.LR-Civ. 7, 26.6, and 37, for an order compelling the University to respond fully to the EEOC's Request for Production No. 12.  See id. at 1.

The EEOC represents that, one day after the EEOC filed its motion to compel, the University sent the EEOC supplemental responses to discovery that included an untitled list of employees.  See Reply at 2.  The EEOC contends that it is not possible to discern if the list includes all Santa Teresa employees from January 2002 to the present, as Request for Production No. 12 requests.  See id. at 2.  Also, the list produced does not contain social security numbers, dates of birth, or addresses for these employees.  See Reply at 2.  The EEOC continues to assert that the rules of civil procedure governing discovery do not allow the University to refuse to provide the EEOC with employee addresses, social security numbers, and dates of birth.

## LAW REGARDING SCOPE OF DISCOVERY

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1). Additionally, such relevant information "need not be admissible at the trial" provided it "appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  The touchstone of any

discovery request therefore is relevancy, and courts have determined that the scope of such relevancy is broad.  See Burks v. Oklahoma Publ'g Co., 81 F.3d 975, 981 (10th Cir. 1996)("A plaintiff may be allowed 'extensive' discovery in order to prove his or her case.")(quoting Rich v. Martin Marietta Corp., 522 F.2d 333, 343 (10th Cir. 1975)).  Conclusory statements asserting information is irrelevant are not sufficient.  See Teichgraeber Mem'l Union Corp., 932 F. Supp. 1263, 1265-66 (D. Kan. 1996)(citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3rd Cir. 1982)).

        EEOC actions vindicate the public interest in preventing employment discrimination.  See Gen. Tel. Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 326 (1980)("When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination.").   "It is plain that the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, and in an EEOC case the discovery scope is extensive."  Rich v. Martin Marietta Corp., 522 F.2d 333, 343 (10th Cir. 1975)(stating that the policy of the court has not been to circumscribe discovery narrowly in EEOC cases).  See Trevino v. Celanese Corp., 701 F.2d 397, 405-06 (5th Cir. 1983)(asserting that the imposition of unnecessary limitations on discovery in Title VII cases is especially frowned upon); Owens v. Sprint/United Mgmt. Co., 221 F.R.D. 649, 652-53 (D. Kan. 2004)(noting that the scope of discovery is particularly broad in Title VII cases).  The United States Court of Appeals for the Tenth Circuit has addressed the scope of discovery in EEOC cases and found it to be very broad.  See Rich v. Martin Marietta Corp., 522 F.2d at 343.  In Rich v. Martin Marietta Corp., the Tenth Circuit noted that the purpose of Title VII is the "elimination of employment discrimination" and added that "[i]t cannot be said, therefore that the policy of this court has been to narrowly circumscribe discovery in EEOC cases."  Id. at 343-44 (internal citations

omitted).  Rather, the Tenth Circuit recognized that the scope of discovery in an EEOC case is extensive.  See id.

Evidence relating to an employer's general employment practices is relevant, see Owens v. Sprint/United Mgmt. Co., 221 F.R.D. at 652-53, and rule 26(b)(1) permits and states that parties may obtain discovery regarding "the identity and location of persons having knowledge of any discoverable matters," Fed. R. Civ. P. 26(b)(1).  The Court will therefore permit the EEOC liberal discovery relating to the identification and location of potential witnesses.

As the Court recently noted, however, while "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . . ," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery."  Martinez v. Cornell Corrs. of Tex., 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.).  A party objecting on the basis of over breadth bears the burden of establishing that the request is overbroad.  See Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991).

Blanket requests for sensitive information are improper.  See Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994)(affirming district court's denial of request for personnel files because of privacy concerns); Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 517 (D. Minn. 1997)(holding that only portions of personnel files that are clearly relevant to the plaintiff's claims are open to disclosure).  Moreover, courts have held that, insofar as discovery requests seek confidential information, privacy concerns are relevant, and the party requesting such information "must show that the value of the information sought would outweigh the privacy interests of the affected individuals." Case v. Platte County, No. 8:03cv160, 2004 WL 1944777, at *2 (D. Neb. June 11, 2004)(citing Onwuka v. Fed. Express Corp., 178 F.R.D. at 517).  See Walters v. Breaux, 200 F.R. D. 271, 274

(W.D. La. 2001)(citing cases protecting legitimate privacy concerns with respect to social-security numbers). Even when social-security information is needed to help locate individuals, courts will decline to compel production of social-security numbers when other identifying and locating information is available. See McDougal-Wilson v. Goodyear Tire and Rubber Co., 232 F.R.D. 246, 252 (E.D.N.C. 2005); Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997)(stating that court should not order the production of personnel files in their entirety where less intrusive means may be used to obtain the relevant information).

In addition, many courts have found that social-security numbers are confidential and not reasonably calculated to lead to the discovery of confidential information. See Mike v. Dymon, No. 95-2405-EEO, 1996 WL 674007, at *7 (D. Kan. November 14, 1996)("The court does not find that requests for social security numbers and dates of birth of all individuals who provided information to answer the interrogatories are reasonably calculated to lead to the discovery of admissible evidence."); Beasley v. First Amer. Real Estate Inf. Serv., Inc., No. 3-04-CV-1059-B, 2005 WL 1017818, at *2 (N.D. Tex. April 27, 2005)("[T]he social security numbers of employees are confidential and not reasonably calculated to lead to the discovery of admissible evidence."). On the other hand, assertions of confidentiality alone should not preclude discovery. See Van Deelan v. Shawnee Mission Sch. Dist., No: 03-2018-CM, 2003 U.S. Dist. Lexis 21528, at *8 (asserting that confidentiality is not generally a bar to discovery and typically not a grounds for withholding personnel files). A constitutional right to privacy does not protect information that is neither highly personal nor intimate, and that is readily available to the public. See Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir. 1995). District courts in this circuit have ruled that alleged private or confidential information must be disclosed in Title VII cases where the information is relevant to the claims

bought.  See Oglesby v. HyVee, Inc., No. Civ. A. 04-2440-KHV, 2005 WL 857036, at *2 (D. Kan. April 13, 2005)(citing Fox-Martin v. H.J. Heinz Operations, No. 02-4121-JAR, 2003 WL 23139105 (D. Kan. December 19, 2003)(compelling production of personnel files of employees who allegedly participated in or witnessed the hostile work environment and/or retaliation giving rise to the lawsuit); McCoo v. Denny's Inc., 192 F.R.D. 675, 688 (D. Kan. 2000)(holding that the plaintiffs were entitled to discover personnel files of restaurant employees who allegedly were involved in or witnessed any of the claimed discriminatory events).

## ANALYSIS

At issue in this motion to compel is the EEOC's request for documents or a list that would contain identifying information for the University's employees who worked at the same facility as Grado and Pinon.  Although the University initially raised three grounds for objection, including that Request for Production No. 12 (i) was overly broad; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (iii) seeks confidential and private information of non-parties to this litigation, it appears that the University has abandoned the overly broad objection in its Response.  Thus, while the Court will address and overrule the overly broad objection, the Court will focus on objections based on relevance and confidentiality/privacy.

### 1.    The EEOC's Request for Production No. 12 is not Overly Broad.

The University's objection that Request for Production No. 12 is overly broad lacks a sound basis in the law.  The University has not articulated any facts to support its claim of over breadth. Request for Production No. 12 is limited to the University's Santa Teresa  facility, and it is limited to the time of January 2002 to present.  These limitations in scope defeat the University's general objection of over breadth.

-9-

2.      **The EEOC's Request for Production No. 12 Seeks Relevant Information**.

As the party opposing discovery, the University bears the burden of proving that the discovery request is not relevant.  See Teichgraeber v. Mem'l Union Corp., 932 F. Supp. at 1265-66.  The University has not met its burden, and the Court will resolve any doubt concerning relevance in favor of discovery.

The University argues that, although it recognizes that the rules of discovery permit broad discovery of information likely to lead to admissible evidence, the courts must interpret these rules in a realistic context of relevance.  The University contends that the EEOC's request for personal and highly sensitive employee information is beyond any realistic evaluation of what is relevant to its claims, and that the EEOC has made no attempt to establish the relevance of such information.  The University objects to providing the balance of the requested information, because it contends that the EEOC has demonstrated no reason why this personal information is, as the rules of discovery require, relevant to the claims and defenses.  See Fed. R. Civ. P. 26(b)(1).

The University's objection that this request is not relevant and that the EEOC is merely on a fishing expedition is erroneous both factually and legally.  The University's interpretation of the rules of discovery is too narrow, and its reliance on immediate relevance is misplaced.  The EEOC should be afforded necessary discovery to identify and locate information for witnesses who may have discoverable information relating to this case.

Relevant to the discovery issue is the EEOC's allegation that the sexual harassment created a hostile-work environment for Grado and Pinon, and that the University subjected them to retaliation.  See First Amended Complaint, ¶¶ 7-8, at 3.  The Court should permit the EEOC discovery regarding the University's employment practices at Santa Teresa from employees other

-10-

than Grado and Pinon. In addition, discovery of incidents involving other employees are relevant to establishing that a generally hostile-work environment existed at Santa Teresa. See Hicks v. Gates Rubber Co., 833 F.2d 1406, 1416 (10th Cir. 1987). Also, incidents involving the harassment of persons other than Grado and Pinon may be considered in determining the pervasiveness or severity of the conduct of the University's high-ranking officials. See Nieto v. Kapoor, 268 F.3d 1208, 1218-19 (10th Cir. 2001). The Court will therefore permit the EEOC liberal discovery relating to the identification and location of potential witnesses who experienced the work environment at Santa Teresa.

The EEOC's Request for Production No. 12 seeks relevant information. For the EEOC to vindicate the public interest in the prevention of discrimination, and to support its case of discrimination and retaliation on behalf of Grado and Pinon, the EEOC reasonably seeks to identify and locate employees of the University's Santa Teresa facility who may have discoverable information.

The University's objection is erroneous factually. The EEOC is not fishing. Rather, the EEOC is pursuing its congressional mandate to enforce Title VII through the pursuit of litigation, including, relevant discovery that would support its litigation. Without basic identifying information such as addresses, the EEOC cannot locate potential witnesses whom Russo identified. Further, there may be additional employees, whom Russo does know or has not identified, who either experienced or witnessed harassment, discrimination, or retaliation, and the EEOC is entitled to discovery regarding those individuals. Also, if any of the witnesses have moved since being employed at Santa Teresa, finding them without identifiers such as social security numbers and dates of birth may be significantly more difficult and expensive.

-11-

The University's objection is also legally erroneous.  Given the nature of the alleged harassment Grado and Pinon experienced, and the openly hostile environment that Russo described at the University's Santa Teresa facility, it is reasonable for the University to assume, for discovery purposes, that every employee could have experienced or witnessed relevant incidents.  Also, because the EEOC limited Request for Production No. 12 to the one facility at issue and to a relevant time period, the Court does not believe that providing this information to the EEOC would be overly burdensome to the University.

The University's suggestion that the EEOC need only identify for the University specific employees for which it requests location information is not reasonable for several reasons.  First, the EEOC's request for production is clear and not overly burdensome.  The University has not represented that providing the location and identification information for the one facility would somehow be difficult to provide.  Second, the University's suggestion is cumbersome; it would include delays in discovery, and it would permit the University's counsel to control unnecessarily and unreasonably the EEOC's contact with potential witnesses.  If the Court adopted the University's suggestion, every mention of an employee name in a deposition, in contacts with the charging parties, or with other witnesses, would force the EEOC to make a separate written request for disclosure of that employee's location and identifying information.  The University would then presumably exercise discretion in responding to each request.  Finally, this suggested process will result in the disclosure of the mental processes of the EEOC's attorneys.  The University states that, before disclosure of the employee data to the EEOC, it would need to be convinced that the employees possess information relevant to the EEOC's claims or to the defenses.  Thus, it appears that, under the University's suggestion, the EEOC would have to prove relevancy by revealing facts, opinions, and theories to

the University's satisfaction each time it wanted to contact a relevant witness.  Also, if the EEOC is asking the University's permission each time it wants to locate a witness, the University may inadvertently receive signals as to what witnesses or matters the EEOC's attorneys believe are important.

The Federal Rules of Civil Procedure does not require the plaintiff to shift discretion to the defendant.  The Court will not hamstring the EEOC in its efforts to identify and locate witnesses, especially where the EEOC has established that the information sought is limited in scope and is reasonably calculated to lead to relevant evidence.

The Court recognizes that it is doubtful that all of the University's employees' social-security numbers, home addresses, and dates of birth are relevant to the EEOC's claims of unlawful employment practices.  The Court also acknowledges that the EEOC's request and its motion to compel are based on a theoretical possibility that some of the employees may have relevant information.  The Court cannot say, however, that the possibility some employees may not have relevant information means the EEOC's request amounts to a "fishing expedition" of the sort that the Court should not countenance.

The EEOC seeks information that will identify current or former University employees who worked at the same facility that employed Grado and Pinon.  These employees may have witnessed the harassment or retaliation alleged, or they may have some information that is reasonably calculated to lead to the discovery of admissible evidence.  The EEOC's request for employee data that would assist it in identifying and locating potential witnesses is a request that seeks relevant information.

The EEOC represents that the University's refusal to produce relevant information has delayed and interfered with the EEOC's ability to locate potential witnesses.  This delay and

-13-

interference is improper.  The EEOC's request falls within the definition of relevant matters as described in rule 26.  Considering the above, the Court concludes that the University's objection based on relevance is without a sound basis in law or fact.

**3.      The University Should Disclose the Information that the EEOC's Request for Production No. 12 Seeks.**

The University's final objection to the EEOC's Request for Production No. 12 is that the request seeks the private and confidential information of non-parties.  The University continues to assert generally that disclosure of identifying information will adversely affect employees' privacy interests.  The University contends that the EEOC's motion seeks the production of personal and highly sensitive data.  The University argues that the EEOC's request is one for confidential information and is therefore improper.

The University should disclose the information the EEOC seeks in Request for Production No. 12, because such may be necessary to contact potential witnesses.  The University has failed to establish the existence of any privilege or standing by the University to raise any privilege that would preclude disclosure of the relevant identifying information the EEOC seeks.  There is no privacy privilege that applies to Request for Production No. 12.

The University primarily objects to the production of addresses, social-security numbers, and dates of birth for the requested employees.  The University's contentions, however, do not specifically demonstrate how disclosure of this relevant information to the EEOC will adversely affect employees.  Under the circumstances of this case, the Court finds that the EEOC's need for the information sought in Request for Production No. 12 outweighs concerns that disclosure would include information such as social-security numbers and dates of birth for employees of the Santa Teresa

facility.

The University argues that the EEOC's request is premature in light of the University's willingness to help locate any employees once it is shown that they possess information relevant to the EEOC's claims or defenses. The University asserts that the EEOC has failed to demonstrate that its yet unproven need to locate individuals, who may or may not have relevant information, outweighs those individuals' legitimate privacy concerns. The University argues that, under the circumstances of this case, and given the heightened need for protection of social-security information in today's unfortunate social climate of identity theft, there is no reasonable basis for the Court to compel the blanket production of the University's employees' social security numbers. Finally, the University contends that, even if the EEOC were to demonstrate that certain employees have relevant information, there is no need to provide those employees' social-security numbers absent a direct showing of need for that sensitive information.

The Court sees no need to adopt the cumbersome procedure the University proposes for the EEOC's discovery. A confidentiality order, routine in many cases, can serve privacy needs just as well, without allowing the University to have a monopoly over witness information. There is a reasonable basis for the Court to compel production of social-security numbers for all of the employees, as the EEOC requests in its Request for Production No. 12. The information is reasonably likely to lead to the discovery of admissible evidence. The EEOC has made a showing that the evidence cannot be attained through less intrusive means, and the University's alternative has the potential for numerous disputes that eventually may result in the same information being produced.

Concerns about the confidentiality or privacy interests of the employees to be identified are less compelling than they might otherwise be, because Request for Production No. 12 is not seeking

all of the personnel files of these employees.  Rather, at this juncture, the EEOC requests only addresses, social-security numbers, and dates of birth so that it may identify and locate potential witnesses to the alleged harassment, discrimination, and retaliation at the Santa Teresa facility.  Under these circumstances, the Court will order the University to disclose the requested information to the EEOC in accordance with a two-step process.  The Court will order the University to provide the addresses of all the employees who worked at the Santa Teresa facility from 2002 forward.  For those employees whose addresses are unavailable, the University must produce their social-security numbers and dates of birth.  If the EEOC finds that an employee no longer resides at the address it is given, it should notify the University, at which point the University must provide that employee's social-security number and birth date.

The Court does not minimize the intrusion that discovery may have on third parties.  On the other hand, social-security numbers, birth dates, and addresses are widely available.  Some information is available in telephone books in every office; some is available on the Internet.  While the Court should be careful that litigants do not go too far in their quest for evidence, this information does not seem so confidential and private that the Court should not, with the possible protection of a confidentiality order, require its production.

**IT IS ORDERED** that Plaintiff EEOC's Motion to Compel is granted in part and denied in part.  Discovery shall proceed in accordance with the two-step process described herein.

_____
UNITED STATES DISTRICT JUDGE

-16-

*Counsel:*

Mary Jo O'Neill
  Regional Attorney
Sally Shanley
  Acting Supervisory Trial Attorney
Loretta Medina
  Senior Trial Attorney
Equal Employment Opportunity
  Commission
Phoenix District Office
Phoenix, Arizona

-- and --

Veronica A. Molina
  Trial Attorney
Equal Employment Opportunity Commission
Albuquerque Area Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Joleen K. Youngers
Almanzar & Youngers, P.A.
Las Cruces, New Mexico

   *Attorneys for Intervenor Lorena Pinon*

Reed N. Colfax
Relman & Associates, PLLC
Washington, D.C.

   *Attorneys for Intervenor Loretta Grado*

Stanley K. Kotovsky, Jr.
The Tinnin Law Firm
Albuquerque, New Mexico

-- and --

James K. Mackie
Matthew D. Mitchell

Snell & Wilmer, L.L.P.
Phoenix, Arizona

   *Attorneys for the Defendant*