FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 2 0 2007

MATTHEW J. DYKMAN
CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIV-05-1048 JB/WPL |
| Plaintiff, | |
| LORENA PIÑON and LORETTA GRADO, | AMENDED CONSENT DECREE PERTAINING TO CHARGING PARTY LORENA PINON AND LORETTA GRADO |
| Plaintiffs in Intervention, | |
| v. | |
| UNIVERSITY OF PHOENIX, INC., | |
| Defendant. | |

This matter came before the Court upon the agreement of the United States Equal Employment Opportunity Commission (the Commission or EEOC), Intervener Lorena Pinon, Intervener Loretta Grado and defendant to enter into an Amended Consent Decree for the purpose of resolving the claims of sex discrimination and retaliation brought by the EEOC against defendant on behalf of Charging Parties Lorena Pinon and Loretta Grado. This Amended Decree is intended to finally resolve all claims brought on behalf of Charging Parties Lorena Pinon and Loretta Grado.

The Commission filed this action against the University of Phoenix, Inc., (hereinafter "UOP") to enforce Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In the Complaint and Amended Complaint, the Commission alleged that Charging Parties Lorena Pinon and Loretta Grado were subjected to harassment because of their sex, including offensive comments and conduct of a high ranking management official, which created a hostile work environment for them because of their sex, female. In addition, the Commission alleged that Ms. Pinon and Ms. Grado were subjected to retaliation with respect to their terms, conditions and privileges of employment because they opposed perceived unlawful employment practices.

This Amended Decree does not constitute an admission of liability by the defendant, nor adjudication on the merits of the allegations of the complaint.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law as to claims made on behalf of Lorena Pinon and Loretta Grado.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

1.     This Amended Decree resolves all claims against UOP on behalf of Lorena Pinon and Loretta Grado, including claims for back pay, compensatory and punitive damages, interest, injunctive relief, attorney's fees and costs arising out of the issues relating to Ms. Pinon's and Ms. Grado's claims in this lawsuit.

## INJUNCTION

2.      UOP, their owners, stockholders, managers, agents, officers, employees, successors and assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the Amended Decree from discriminating against any employee because of his or her sex, including subjecting employees or individuals to sexual harassment. This injunction will remain in effect for the duration of the Amended Decree at any facility operated by UOP in the state of New Mexico.

3.      UOP, their owners, stockholders, managers, agents, officers, employees, successors and assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the Amended Decree from retaliating against any employee or individual because the employee or individual has (a) opposed practices made unlawful by Title VII or a state equal employment opportunity statute, (b) filed a charge of discrimination, including sexual harassment, (c) assisted or participated in the filing of a charge of discrimination, including sexual harassment, (d) assisted or participated in an investigation or proceeding under Title VII or a state equal employment opportunity statute, or (e) files an internal complaint of discrimination. This injunction will remain in effect for the duration of the Amended Decree at any facility operated by UOP in the state of New Mexico.

## RELIEF TO CHARGING PARTIES

4.A.     In accordance with the terms of the original Decree, UOP has paid the total amount of $130,000 ("the settlement amount") to Lorena Pinon and her attorney. Of the settlement amount, $11,852.00 was paid as back pay. Lawful employee payroll deductions for social security and withholding taxes were deducted from these amounts, and the deductions were itemized. The employer's share of payments for FUTA and FICA were paid by Defendant and not deducted from this amount. Of the settlement amount, $59,637.74 was paid to Lorena Pinon as compensatory damages. Of the settlement amount, $58,780.26 was paid to Lorena Pinon's attorney as attorney's fees, New Mexico gross receipts tax, and costs.

4.B.     In accordance with this Amended Decree, UOP shall pay the total amount of $225,000 ("the settlement amount") to Loretta Grado and her attorney.  Of the settlement amount, $100,000 is payable to Loretta Grado as compensatory damages. As such, this payment will be reported on a Form 1099.  Of the settlement amount, $125,000 is payable to Loretta Grado's attorney as attorney's fees, New Mexico gross receipts tax, and costs.  This payment will also be reported on a Form 1099.

5.A.     UOP paid the settlement amounts described in paragraph 4.A of this Amended Decree within ten (10) business days of entry of the original Decree via business checks to Ms. Pinon and her attorney. Within ten (10) business days of issuance of the checks, UOP submitted a copy of the checks and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, Albuquerque Area Office, 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102-2189.

5.B.     UOP shall pay the settlement amounts described in paragraph 4.B of this Amended Decree within ten (10) business days of entry of this Amended Decree via business checks to Ms. Grado and her attorney. Within ten (10) business days of issuance of the checks, UOP shall submit a copy of the checks and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, Albuquerque Area Office, 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102-2189.

6.A.     In response to any employment inquiries or reference checks concerning Lorena Pinon, UOP shall provide only her dates of employment, last position held, and job status of full-time employee and faculty member. This provision shall remain in force for so long as Ms.

Pinon uses UOP as a reference and is not limited to the three-year duration of this Amended Decree.

6.B.     In response to any employment inquiries or reference checks concerning Loretta Grado, UOP shall provide only her dates of employment, last position held, and job status of full-time employee. This provision shall remain in force for so long as Ms. Grado uses UOP as a reference and is not limited to the three-year duration of this Amended Decree.

7.A.     Within five (5) business days of entry of the original Decree, UOP provided Lorena Pinon a letter of reference in the form of Exhibit A.

7.B.     Within five (5) business days of entry of this Amended Decree, UOP shall provide Loretta Grado a letter of reference in the form of Exhibit D.

8.     UOP shall not take any action against Lorena Pinon, Loretta Grado, or any witness in this proceeding or any other individual in retaliation for filing a charge of employment discrimination or for participating, assisting or testifying in this action.

9.A.     Within five (5) business days of entry of the original Decree, UOP provided Lorena Pinon with a letter of apology in the form of Exhibit B.

9.B.     Within five (5) business days of entry of this Amended Decree, UOP shall provide Loretta Grado with a letter of apology in the form of Exhibit E.

## DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

10.     UOP shall institute and carry out policies and practices that will provide a work environment free from sex discrimination and retaliation, including policies, procedures and practices to prevent sexual harassment of their employees and other individuals, and that allow employees and other individuals to raise concerns or complaints about matters made unlawful by Title VII, whether alleged, perceived or actual without retaliation. To assist UOP in its efforts to provide a work environment free of sex discrimination, sexual harassment and retaliation, UOP shall take the actions provided for in Paragraphs 11 through 13 and 15.

11.     Within sixty (60) days of the entry of the original Decree, UOP reviewed its existing policies on sex discrimination, including sexual harassment and retaliation, and made changes pursuant to the original Decree. UOP shall ensure their written policy includes a statement that employees have the right to complain directly to EEOC or any state equal opportunity agency. UOP shall ensure that its policies and procedures relating to sexual harassment provide for and identify a person on each campus or in each facility in New Mexico who is a person that will have information about UOP's complaint process, who may be designated to receive complaints from their respective campus or facility, and who is responsible for reporting such complaints in a timely manner to the UOP Human Resources Department. After reviewing and making any necessary revisions to its policies, UOP shall distribute the revised sexual harassment and non-retaliation policies and complaint procedures to each of its current full and part-time employees, and to each new employee hired for the duration of this Amended Decree in New Mexico. The policy and procedure statements that are provided to UOP employees should be designed to present easily understood, convenient, consistent, confidential and reliable procedures for reporting incidents of sexual harassment and retaliation in UOP campuses or facilities in New Mexico. These procedures, at a minimum, shall include provisions incorporating the following:

A.     Within sixty (60) days of entry of the original Decree and for the duration of this Amended Decree, UOP shall designate at least one employee at each facility or campus in New Mexico to serve as an HR Liaison for employees having questions, concerns or complaints about sexual harassment or retaliation. This HR Liaison shall be responsible for communicating with employees about UOP's

complaint and HR investigation process, answering employee preliminary inquiries, and forwarding complaints to appropriate UOP HR department officials responsible for investigating complaints of sexual harassment.

B.   Within sixty (60) days of entry of the original Decree and for the duration of this Amended Decree, the name(s), responsibilities, work location, and telephone number of the HR Liaison(s) and appropriate HR department officials will routinely and continuously be posted and provided to all employees so that an employee seeking such name can enjoy anonymity and remain inconspicuous to other employees.

C.   For the duration of this Amended Decree, complaints of sexual harassment or retaliation will be accepted in writing, orally, or anonymously and all complaints will be taken seriously and investigated appropriately.

D.   Only those who have an immediate need to know, including the HR Liaison, HR investigative officer(s), the alleged target of harassment or retaliation, the alleged harasser(s) or retaliator(s) and any witnesses, may find out the identity of the complainant.

E.   During an investigation of a sexual harassment complaint of an employee or other individual, HR investigative officers will have the responsibility for expeditiously and appropriately investigating all complaints.

F.   The HR investigative officers shall endeavor to immediately interview in person all affected individuals and potential witnesses to the alleged harassment without the presence of management officials.

G.   All parties contacted in the course of an investigation will be advised that any retaliation or reprisal against an individual who is an alleged target of harassment or retaliation, who has made a complaint, or who has provided evidence in connection with a complaint will not be tolerated and could result in disciplinary action.

H.   Each HR Liaison and each HR investigative officer will receive thorough and appropriate training about sexual harassment and sexual harassment investigations. This training shall consist of at least two hours in addition to that provided under paragraph 13 of this Amended Decree.

I.   The HR investigative officer will recommend remedial measures, if appropriate, based upon the results of the investigation, and UOP will promptly consider and act upon such recommendation.

J.   The HR investigative officer will maintain a file on the original complaint(s) and any follow-up investigation.

K.   UOP managers, officials, agents or employees who engage in sexual harassment or retaliation; who fail to cooperate with company-sponsored investigations of sexual harassment or retaliation; or who refuse to implement remedial measures will be advised that they may be sanctioned severely by loss of income, suspension or dismissal.

L.   UOP agrees not to reemploy Manny Ortiz.

12.   UOP posted within thirty (30) days of the entry of the original Decree, and will for the duration of this Amended Decree continue to post, in prominent places frequented by employees of their New Mexico facilities, the Notice attached to this Amended Decree as Exhibit C. This Notice shall be the same type, style and size as in Exhibit C.

13.   UOP shall provide training on sex discrimination, sexual harassment, and retaliation according to the following terms:

A.   UOP shall provide at least four training sessions during the term of this Amended Decree to be attended by all managers, supervisors and employees at facilities owned or operated by UOP in New Mexico.  Two additional supervisory training sessions will be conducted pursuant to paragraph B. below.  Duplicative sessions may be held to accommodate staffing needs. Focus groups or group facilitators

may be used to provide training required by this Amended Decree as long as the topics described in Paragraph 13E are covered in the discussion. UOP shall be responsible for all costs associated with this training.

B.    During the first year of the original Decree, the first training was conducted within ninety (90) days of the entry of the original Decree. In the first year of the original Decree, an additional training session was held specifically at the Santa Teresa Campus within one-hundred-twenty (120) days of the previous training session. Additional training shall be conducted for all other New Mexico facilities subject to this Amended Decree at least once each remaining year of this Amended Decree.  During these final two annual training sessions, supervisors and managers will be provided separate training from non-supervisory employees that will emphasize their responsibilities on behalf of UOP for complying with all state and federal laws and UOP policies prohibiting sex discrimination, sexual harassment and unlawful retaliation.  This separate training session provided to supervisors and managers shall be at least one hour in duration.

C.    Defendant selected a qualified trainer or facilitator and submitted the trainer's or facilitator's name, resume, training agenda and the date(s) of the proposed training to the Regional Attorney of the Albuquerque Area Office of the Equal Employment Opportunity Commission within forty-five (45) days of the entry of the original Decree. For the second training session in year one and during the second and third years of the Amended Decree, the above information shall be submitted to the Regional Attorney at least sixty (60) days prior to the seminar-training session. The Commission shall have thirty days from the date of receipt of the information described above to accept or reject the proposed trainer or facilitator and/or the contents of the seminar. In the event the Commission does not approve defendant's designated trainer or facilitator, the Commission shall designate the trainer or facilitator at a cost not to exceed $1000.00 per seminar-training session which shall be paid by defendant.

D.    The training shall include a minimum of three hours of instruction. All personnel, designated in Paragraph A shall both register and attend the training. The registry of attendance shall be retained by defendant at least for the duration of the Amended Decree.

E.    The training, at a minimum shall include the subjects of: what constitutes sex discrimination, including sexual harassment and retaliation; that sex discrimination in the hiring, firing, compensation, assignment or other terms, conditions or privileges of employment and retaliation violates Title VII; how to prevent sex discrimination and retaliation; how to provide a work environment free from sex discrimination, sexual harassment, and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to sex discrimination, sexual harassment or retaliation in the workplace.

F.    Immediately following the training sessions, UOP's highest ranking managerial official in the campus or facility shall speak to the employees about: (1) potential discipline that can be taken against supervisors, managers and employees who commit acts of sex discrimination or retaliation or who allow sex discrimination or retaliation to occur in the workplace; (2) the importance of maintaining an environment free of sex discrimination and retaliation; and (3) the employer's policies regarding sex discrimination, sexual harassment, and retaliation. This time shall not be counted toward the three-hour minimum training required in paragraph 13D.

G.    For the duration of this Amended Decree, at or around the time of hire, employees hired after the annual training is presented, shall receive electronic messaging with information related to the annual training or view a video tape of the training and/or a professional training tape which covers the topics set forth in paragraph 13E and shall be given any written material disseminated at the training.

2030987.3

14.    The Commission, at its discretion, may designate Commission representatives to attend and participate in any of the training sessions described above.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

15.    UOP shall separately report in writing and in affidavit form to the Regional Attorney of the Commission's Albuquerque Area Office at 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102-2189, beginning six months from the date of the Entry of the original Decree, and thereafter every six months for the duration of the Amended Decree the following information:

A.    Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subject of sex discrimination, sexual harassment and retaliation.

B.    The name, address, position, and telephone number of any employee who during the six months preceding the report has brought allegations of sex harassment or retaliation arising from activities in UOP's New Mexico campuses or facilities against defendants or its personnel, including but not limited to management officials, vendors, agents, or employees. The nature of the complaint, investigatory efforts made by UOP and the corrective action taken, if any, shall be specified.

C.    The registries of persons attending each of the seminar-training sessions required in paragraphs 11 and 13 of this Amended Decree and a list of current employees on the day of the seminar-training session.

D.    An affidavit by UOP stating: (1) the Notice required in paragraph 12 of this Amended Decree was posted and the locations where it was posted, and (2) it has complied with paragraphs 11, 13 and 15 of this Amended Decree.

E.    Copies of any video presentations UOP has utilized to comply with the requirements of this Amended Decree.

16.    The Commission upon reasonable notice shall have the right to enter and inspect the premises of UOP's campuses or facilities in New Mexico to insure compliance with this Amended Decree and federal anti-discrimination laws.

## COSTS AND DURATION

17.    Each party shall bear its costs and attorney's fees incurred as a result of this action on behalf of Lorena Pinon and Loretta Grado through the entry of this Amended Decree.

18.    The duration of this Amended Decree shall be three (3) years from its original entry on July 12, 2006. This Court shall retain jurisdiction of this action for the duration of the Amended Decree, during which the Commission may petition this Court for compliance with this Amended Decree. Should the Court determine that UOP has not complied with this Amended Decree, appropriate relief, including extension of this Amended Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

19.    This Amended Decree shall expire by its own terms at the end of three (3) years after entry of the original Decree on July 12, 2006, without further action by the parties.

20.    The parties agree to entry of this Amended Decree subject to final approval by the Court.

ENTERED AND ORDERED THIS 15th day of August 2007.

THE HONORABLE JAMES O. BROWNING
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO:

Ronald Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L. Street, N.W.
Washington, D.C. 20507


_____
MARY JO O'NEILL
Regional Attorney


_____
SALLY C. SHANLEY
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012


_____       _____
SNELL & WILMER, L.L.P.                   LORETTA MEDINA
William R. Hayden                        Senior Trial Attorney
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202              _____
                                         VERONICA MOLINA
Attorneys for Defendant                  Trial Attorney


                                         EQUAL EMPLOYMENT OPPORTUNITY
                                         COMMISSION
                                         Albuquerque Area Office
                                         505 Marquette NW, Suite 900
                                         Albuquerque, New Mexico 87102-2189

                                         Attorneys for Plaintiff

RELMAN & DANE, PLLC
Reed Colfax
1225 19th Street, NW, Suite 600
Washington, D.C. 20036

Attorney for Loretta Grado

July    , 2006

Dear Employer,

      Ms. Lorena Pinon was an employee of the University of Phoenix from February 28, 2000 until September 29, 2004. She last served in the position of Education Program Director and was a full time regular employee.

      We regret the loss of Ms. Pinon and are supportive of her efforts to find employment within your organization.  The University of Phoenix prides itself on encouraging professional excellence through training and example, and we hope you find this candidate suitable for your needs.

Sincerely,

Diane L. Thompson
Chief Human Resources Officer

**Exhibit A**

Lorena Pinon
7416 Plaza Redonda
El Paso, Texas 79912

       Re:    University of Phoenix

Dear Ms. Pinon:

      On behalf of the University of Phoenix and myself personally, I wish to express my sincere apology that you found your experience while employed at the University of Phoenix to be objectionable.

      Thank you for the contributions you made while employed at the University of Phoenix and we wish you nothing but success in your future endeavors.

                      Very truly yours,

                      Diane L. Thompson
                      Chief Human Resources Officer

**Exhibit B**

## NOTICE TO ALL EMPLOYEES OF
## UNIVERSITY OF PHOENIX

This Notice is posted pursuant to a Consent Decree entered into between the University of Phoenix and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law (Title VII of the Civil Rights Act or 1964) and state law to discriminate against an employee on the basis of sex in hiring, firing, compensation or other terms, and conditions or privileges of employment, including sexual harassment. It is also unlawful under federal and state law to retaliate against any individual who complains of harassment.

The University of Phoenix prohibits all forms of sex discrimination, including sexual harassment. Prohibited sexual harassment includes, but is not limited to, the following conduct:

    a.   unwelcome touching of a sexual nature;

    b.   unwelcome comments, including comments regarding intimate body parts, or clothing and  discussion of sexual jokes or sexual behavior;

    c.   unwelcome requests for dates, sexual favors and propositions

    d.   unwelcome distribution in the workplace of cartoons, pictures of drawings of a sexual nature; and

    e.   unwelcome display of pornographic material in the workplace.

The University of Phoenix, shall not discriminate on the basis of sex and shall not retaliate against any employee who opposes a practice made unlawful under federal law, files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII, or who files a grievance alleging discrimination.

If you believe you are being sexually harassed, discriminated against based on sex or retaliated against you should report this to the designated HR Liaison at your workplace who may be contacted at _____. You may also report sex harassment or retaliation directly to your supervisor, any other supervisor or manager at your workplace or to Corporate Human Resources by calling _____.   _____

_____

If you believe you have been discriminated against or retaliated against by the University of Phoenix, you always have the right to seek assistance from:

(1) Equal Employment Opportunity Commission (EEOC), 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102, (505) 248-5201.

          or

(2) The New Mexico Department of Labor, Human Rights Division, 1596 Pacheco St., Suite 103, Santa Fe, New Mexico 87505, (505) 827-6838 or 1 (800) 566-9471.

You have the right to file a charge with the EEOC or the Department of Labor if you believe you are being discriminated against or retaliated against.

**EXHIBIT C**

August ____, 2007


Dear Employer:

     Ms. Loretta Grado was an employee of the University of Phoenix from [insert date].  She last served in the position of [insert position(s)] and was a full time regular employee.

     We regret the loss of Ms. Grado and are supportive of her efforts to find employment within your organization.  The University of Phoenix prides itself on encouraging professional excellence through training and example, and we hope you find this candidate suitable for your needs.

Sincerely,


Diane L. Thompson
Chief Human Resources Officer


**EXHIBIT D**

Loretta Grado
[insert address]

   Re:  University of Phoenix

Dear Ms. Grado:

   On behalf of the University of Phoenix and myself personally, I wish to express my sincere apology that you found your experience while employed at the University of Phoenix to be objectionable.

   Thank you for the contributions you made while employed at the University of Phoenix and we wish you nothing but success in your future endeavors.

        Very truly yours,

        Diane L. Thompson
        Chief Human Resources Officer

**EXHIBIT E**